JUDGE ENGELMAYER

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

12 CIV 6095



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MANUEL A. TRINIDAD,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

      Plaintiff,

          v.

PRET A MANGER (USA) LIMITED, PRET 100
CHURCH STREET, INC., PRET 1020 SIXTH
AVENUE, INC., PRET 11TH AND F STREET
DC, INC., PRET 1200 AVENUE OF THE
AMERICAS INC., PRET 122 EAST 42, INC.,
PRET 1350 BROADWAY, INC., PRET 1399
NEW YORK AVENUE INC., PRET 1410
BROADWAY, INC., PRET 1432 K STREET,
INC., PRET 179 BROADWAY, INC., PRET 1825
EYE STREET, INC., PRET 1828 L STREET,
INC., PRET 185 FRANKLIN STREET INC.,
PRET 2 PARK AVENUE, INC., PRET 201
PEARL, INC., PRET 24 WEST 23RD, INC., PRET
319 BROADWAY INC., PRET 342 7TH, INC.,
PRET 350 HUDSON, INC., PRET 389 FIFTH,
INC., PRET 425 LEX, INC., PRET 425 MADISON
INC., PRET 485 7TH AVENUE, INC., PRET 485
LEXINGTON, INC., PRET 50 BROADWAY,
INC., PRET 501 BOYLSTON STREET, INC.,
PRET 62 WEST 45TH INC., PRET 655 SIXTH
AVENUE INC., PRET 708 THIRD AVENUE
INC., PRET 75 NASSAU, INC., PRET 757 THIRD
INC., PRET 821 BROADWAY, INC., PRET 825
EIGHTH AVENUE INC., PRET 853

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

1

BROADWAY, INC., PRET 857 BROADWAY,
INC., PRET 880 THIRD AVENUE, INC., PRET A
MANGER-237 PARK AVENUE, INC.,

     Defendants.

_____

     Plaintiff, MANUEL A. TRINIDAD ("Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorneys, hereby files this class and

collective action Complaint against PRET A MANGER (USA) LIMITED (the "Parent

Defendant") and PRET 100 CHURCH STREET, INC., PRET 1020 SIXTH AVENUE,

INC., PRET 11TH AND F STREET DC, INC., PRET 1200 AVENUE OF THE

AMERICAS INC., PRET 122 EAST 42, INC., PRET 1350 BROADWAY, INC., PRET

1399 NEW YORK AVENUE INC., PRET 1410 BROADWAY, INC., PRET 1432 K

STREET, INC., PRET 179 BROADWAY, INC., PRET 1825 EYE STREET, INC.,

PRET 1828 L STREET, INC., PRET 185 FRANKLIN STREET INC., PRET 2 PARK

AVENUE, INC., PRET 201 PEARL, INC., PRET 24 WEST 23RD, INC., PRET 319

BROADWAY INC., PRET 342 7TH, INC., PRET 350 HUDSON, INC., PRET 389

FIFTH, INC., PRET 425 LEX, INC., PRET 425 MADISON INC., PRET 485 7TH

AVENUE, INC., PRET 485 LEXINGTON, INC., PRET 50 BROADWAY, INC., PRET

501 BOYLSTON STREET, INC., PRET 62 WEST 45TH INC., PRET 655 SIXTH

AVENUE INC., PRET 708 THIRD AVENUE INC., PRET 75 NASSAU, INC., PRET

757 THIRD INC., PRET 821 BROADWAY, INC., PRET 825 EIGHTH AVENUE INC.,

PRET 853 BROADWAY, INC., PRET 857 BROADWAY, INC., PRET 880 THIRD

AVENUE, INC., PRET A MANGER-237 PARK AVENUE, INC. (together, the

"Subsidiary Defendants") (each the Parent Defendant and Subsidiary Defendants are each

individually referred to as a "Defendant" and collectively "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages caused by time shaving, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages caused by time shaving, (2) unpaid overtime, (3) unpaid spread of hours premium, (4) liquidated damages, (5) statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, MANUEL A. TRINIDAD, is a resident of Queens County, New York.

6. PRET A MANGER (USA) LIMITED is a foreign business corporation doing business in New York State with a principle executive office located at 853 BROADWAY, 7TH FLOOR, NEW YORK, NEW YORK, 10003, and an address for

service of process, located at C/O DAVIS & GILBERT LLP, ATTN: CURT C. MYERS, ESQ., 1740 BROADWAY, NEW YORK, NEW YORK, 10019.

7.   Each of the Subsidiary Defendants is a corporation organized under the laws of the State of New York, with a principle place of business in New York City, and is 100% owned by the Parent Defendant.

8.   The Defendants operate a food services enterprise under the trade name "Pret A Manger." Defendants' food services enterprise includes operating 33 stores throughout New York City, as well as stores in Chicago and Washington, D.C.  Employees in New York City were freely interchangeable and the various stores were marketed as one common enterprise.  All employees were paid by the same payroll methods, and checks were paid by the same corporate entity.

9.   At all relevant times, each of the Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.   Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans,

programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

<u>RULE 23 CLASS ALLEGATIONS – NEW YORK</u>

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at each of their business locations on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

5

16. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and

expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants caused time shaving by forcing employees to clock in only after changing into their uniforms and to clock out before changing out of uniforms;

e) Whether Defendants provided proper wage statements informing employees of information required to be provided on wage statements as required under the New York Labor Law;

f) Whether Defendants provided proper wage and hour notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law;

g) Whether Defendants caused non-exempt employees to purchase and maintain uniforms;

h) Whether Defendants paid "call-in pay" to employees; and

i) Whether Defendants paid Plaintiff and the Class members the New York State "spread of hours" premium when their workdays exceeded ten hours.

## STATEMENT OF FACTS

22. In or about March 2010, Plaintiff, MANUEL A. TRINIDAD, was hired by Defendants to work as a sandwich maker and cashier for Defendants' "Pret A Manger" store located at 1200 Ave of Americas, New York, NY 10036.

23. Plaintiff, MANUEL A. TRINIDAD, worked for Defendants until on or about June 20, 2010. His employment was terminated because he did not wear black socks, as per the requirements of Defendants' uniform policy. During his employment by Defendants, MANUEL A. TRINIDAD also was transferred to at least four other Pret A Manger stores to work, including stores at the following locations: 287 Madison Avenue, New York, NY 10017 and 30 Rockefeller Center, Concourse Level, New York, NY 10012.

24. During the employment of Plaintiff, MANUEL A. TRINIDAD, by Defendants, he worked over forty (40) hours per week. From March 2012 to May 2012, he worked 9 hours per day for five days per week, for 45 hours. In June 2012, he worked 7 hours per day for five days per week, for 35 hours per week. At least once every two weeks, MANUEL A. TRINIDAD was required to work for 11 hours per day, but he was not paid any spread of hours compensation for such hours.

25. At all times, MANUEL A. TRINIDAD was required to wear uniforms mandated by Defendants. When he began his shift, MANUEL A. TRINIDAD was not allowed to punch his time clock until he finished changing into his uniform. He was also

forced to punch out before he changed out of his uniform at the end of his shift. Such policy of time shaving was prevalent at each of the Pre A Manger stores that MANUEL A. TRINIDAD worked at, and applied to all non-exempt employees. Because of Defendants' policy of time shaving, Plaintiff and Class members did not properly receive their overtime premium because the hours worked as reflected in the paystubs were incorrect.

26. Defendants unlawfully failed to pay the Plaintiff and members of the Class their "call-in" pay, when Defendants sent employees home early from their shifts.

27. Defendants unlawfully failed to pay the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class one-and-one-half times New York State and federal minimum wage for hours they worked over 40 in a workweek.

28. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and Class members.

29. Defendants also knowingly and willfully operated their business with a policy of causing Plaintiff and Class members to pay for and incur the costs to maintain required uniforms, in direct contravention of the New York Labor Law.

30. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to non-exempt employees as required under the New York Labor Law.

31. Defendants knowingly and willfully failed to provide proper notice to employees, including rate of compensation, trade name of employer, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law.

32.  Because MANUEL A. TRINIDAD worked at multiple Pret A Manger stores, he personally observed that all of the above described federal and state wage and hour policies were consistent among the Pret A Manger stores operated by Defendants.

33.  Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

34.  Plaintiff realleges and reavers Paragraphs 1 through 33 of this class and collective action Complaint as if fully set forth herein.

35.  At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff and FLSA Collective Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

36.  At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of the FLSA.

37.  At all relevant times, each of the Defendants had gross annual revenues in excess of $500,000.

38.  At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

39. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Plaintiff and FLSA Collective Plaintiffs for their hours worked due to Defendants' policy of time shaving.

41. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

42. Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for hours worked.

43. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA,

Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this class and collective action Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

52. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay Plaintiff wages in the lawful amount for hours worked due to time shaving. Defendants also failed to pay call-in pay to Plaintiff and Class members, and also improperly charged the costs and maintenance of uniforms to Plaintiff and Class members.

53. Plaintiff and Class members regularly worked more than ten hours in a workday. Defendants willfully violated Plaintiff's and Class members' rights by failing to

pay "spread of hours" premium to Plaintiff for each day he worked ten or more hours.

54.  Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants failed to provide proper notice to employees, including hour and overtime rates, among others, at the beginning of employment and annually thereafter pursuant to the requirements of the New York Labor Law

55.  Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid overtime, unpaid minimum wage, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.   An award of unpaid wages due under the FLSA and the New York Labor Law due to Defendants' policy of time shaving;

e.   An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages pursuant to 29 U.S.C. § 216;

g.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, unpaid wage, call-in pay, cost and maintenance of uniforms, and "spread of hours" premium pursuant to the New York Labor Law;

h.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.   Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

j.   Designation of this action as a class action pursuant to F.R.C.P. 23;

k.   Designation of Plaintiff as Representatives of Class; and

l.   Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  August _____ , 2012

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*

By: _____
    C.K. Lee (CL 4086)

16